James Bailey
5095 Debbie Lane
Redding, California 96002

(530) 355-5902

Plaintiff in *pro per*

**FILED**

DEC 0 5 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, REDDING DIVISION

| | |
|---|---|
| JAMES BAILEY, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability company; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, a Division of Old Republic National Title Insurance Company, AURORA BANK FSB, a national association, HOME SAVINGS OF AMERICA, a Federal Savings Association, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"), a corporation, and DOES 1 THROUGH 50 INCLUSIVE,<br><br>　　　　　Defendants. | Case No. CV13-02166 JAM (CMK)<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING MOTION TO DISMISS COMPLAINT BY DEFENDANT NATIONSTAR MORTGAGE, LLC<br><br><br><br>Date: December 11, 2013<br>Time: 10:00 a.m.<br>Courtroom: 304<br>Action filed: September 12, 2013<br>Action removed: October 17, 2013 |

TO THE HONORABLE UNITED STATES DISTRICT COURT, THE MAGISTRATE JUDGE, ALL PARTIES AND COUNSEL OF RECORD:

Plaintiff James Bailey ("Plaintiff") submits the following memorandum opposing the motion to dismiss by Defendants Nationstar Mortgage, LLC, Old Republic Default Management Services, Aurora Bank, FSB, and Mortgage Electronic Registration Systems ("Defendants").

-1-

## 1. SYNOPSIS.

Plaintiff concedes many of the points made by Defendants' motion to dismiss. Plaintiff believes that many of the issues raised by this motion can be cured by an amendment to the complaint which focuses on irregularities in the mortgage servicing and foreclosure process rather than the underlying loan. Plaintiff requests this Court grant this motion in part, deny the motion as to the wrongful foreclosure and slander of title claims, and grant Plaintiff leave to amend the Complaint.

## 2. STATEMENT OF FACTS.

This action concerns a non-judicial trustee's sale of certain real property commonly known as 5095 Debbie Lane, Redding, California 96002 ("the Property").

Plaintiff entered into a loan agreement with Defendant Home Savings of America about August 31, 2006. The principal sum of the loan was $320,000.00. The loan was secured by a deed of trust in favor of Defendant MERS as nominee for Home Savings.

About October 14, 2011, MERS assigned the beneficial interest in the deed of trust to Defendant Aurora Bank. This assignment, however, was not recorded until June 28, 2012.

On June 25, 2012, Aurora Bank purported to substitute Defendant Old Republic Default Management Services in as trustee in place and stead of the original trustee appointed in the deed of trust.

On June 27, 2012, Defendant Old Republic caused a Notice of Default and Election to Sell Under Deed of Trust to issue and record against the Property.

On September 24, 2012, Aurora Bank assigned the beneficial interest under the deed of trust to Defendant Nationstar Mortgage, L.L.C.

On March 13, 2013, a Notice of Trustee's Sale announcing a sale date of April 9, 2013 issued and recorded against the Property.

On September 9, 2013, a trustee's sale was purportedly held at which time the Property reverted to Defendant Nationstar. Nationstar has since commenced unlawful detainer proceedings to recover possession of the Property. Plaintiff filed this action on September 12, 2013. Defendants

removed this action to this Court on October 17, 2013.

Plaintiff believes that amending the complaint to set forth the above facts in more detail is more fruitful than defending factually devoid claims in the Complaint.

### 3.  FRAMEWORK FOR MOTIONS TO DISMISS.

A motion to dismiss under *Federal Rule of Civil Procedure* 12(b)(6) challenges a complaint's compliance with federal pleading requirements. Under *Federal Rule of Civil Procedure* 8(a)(2), a pleading must contain a "short and plain statement of claim showing that the pleader is entitled to relief." The complaint must give a defendant "fair notice" of what the claim is and the grounds upon which it rests. Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). To meet this requirement, a complaint must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). And a court determining a motion under 12(b)(6) must accept all allegations of material fact as true and construe them in the light most favorable to the non-moving party. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(specific facts are not necessary; the complaint need only give defendant fair notice of what the claim is and the grounds upon which it rests).

While legal conclusions can provide the framework of a complaint, neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Iqbal and Twombly therefore prescribe a two-step process for evaluation of motions to dismiss. A trial court first identifies the non-conclusory factual allegations, and then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Id. at 664.

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Determining whether a complaint states a plausible claim for relief is a context-

1  specific task requiring a trial court to draw on its judicial experience and common sense. Id. In other
2  words, the height of the pleading requirement is relative to circumstances. Cooney v. Rossiter, 583 F.
3  3d 967, 971 (7th Cir. 2009).

4      Failure to provide fair notice should not normally warrant dismissal with prejudice. Rule
5  8(a)(2) does not require detail a plaintiff cannot provide, so a plaintiff should be able to re-plead
6  successfully. EEOC v. Concentra Health Services, Inc., 496 F. 3d 773, 782 (7th Cir. 2007).

### 4. THE FIRST CAUSE OF ACTION FOR WRONGFUL FORECLOSURE IS ADEQUATELY ALLEGED.

Defendants' motion argues Plaintiff cannot maintain an action for damages for wrongful foreclosure. There is no tender requirement as a pre-requisite for a damages claim for wrongful foreclosure. In Munger v. Moore (1970) 11 Cal. App. 3d 1, 7, the First District observed:

> [A] trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust. This rule of liability is also applicable in California . . . . [citations omitted].

The elements of this claim are adequately set out in the Complaint. This motion should be overruled as to this claim for relief.

Moreover, tender is **not** required if Plaintiff is challenging the validity of the underlying debt. Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112-113 (2011). Plaintiff here is challenging the underlying debt's validity and alleging the exercise of the acceleration of debt by Defendants was premature and not authorized under the terms and conditions of the deed of trust.

Tender is also not required where, as here, the trustee did not have power to conduct the trustee's sale. Dimock v. Emerald Properties, 81 Cal. App. 4th 868, 878 (2000).

1     Tender is also not required where it would be inequitable. Stephens, Partain & Cunningham v. Hollis, 106 Cal. App. 3d 948, 953 (1987).

    Finally, some federal courts have questioned whether tender should be applied at the pleading stage of an action:

> These exceptions and qualifications to the tender rule raise significant doubts as to whether it should be mechanically applied at the pleading stage under the allegations of the complaint herein. Thus, as in *Tamburri*, the Court declines to dismiss the complaint on the basis of the Barrionuevos' failure to allege tender.
>
> Barrionuevo v. Chase Bank, N.A., No. C-12-0572 EMC, Order, August 6, 2012, p. 4 (N. D. Cal. 2012).

    Also, Defendants' claim the Substitution of Trustee was proper is a factual issue. The Substitution of Trustee does **not** comply with the requirements of Paragraph 24 of the deed of trust. By its terms, the procedure for substitution of trustee in the deed of trust controls over the California Civil Code provisions. The allegation here is sufficient to overcome the motion to dismiss.

### 5. THE FOURTH CLAIM FOR RELIEF FOR SLANDER OF TITLE IS ADEQUATELY ALLEGED.

    In Sumner Hill Homeowners' Association v. Rio Mesa Holdings, LLC, 205 Cal. App. 4th 999 (2012), the court observed: "The elements of the tort are (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss." Id. at 1030. Any claim by Defendants that some privilege attaches to the recording of the Notices of Default and Notice of Sale is conditional at best and cannot be resolved on demurrer. Gudger v. Menton, 21 Cal. 2d 537, 545 (1943). The Complaint sufficient pleads facts that the recoding of the Notices here were malicious or without authority. The Complaint is sufficient as to this claim for relief.

///

///

### 7. PLAINTIFF CONCEDES THE MOTION TO DISMISS AS TO THE REMAINING CLAIMS FOR RELIEF, BUT REQUESTS LEAVE TO AMEND WHERE APPROPRIATE.

Under the compulsion of Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149 (2011) and Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497 (2013), Plaintiff concedes the motion to dismiss as to claims based upon a supposed lack of authority in general to prosecute a non-judicial foreclosure. But, that doesn't mean there aren't more specific reasons the trustee's sale was defective or unauthorized, and Plaintiff requests leave to amend.

Plaintiff also concedes that the motion to dismiss as to the claims for injunctive relief and declaratory relief may be granted without leave to amend.

As to all other claims for relief, Plaintiff prays this Court grant leave to amend.

### Conclusion

For each of the foregoing reasons, Plaintiff prays this Court deny in part and grant in part the motion to dismiss with leave to amend and grant such other and further relief as is just and proper.

Dated: December 3, 2013                    Respectfully submitted,

*[signature]*
James Bailey, Plaintiff in *pro per*

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF SHASTA         )

I declare that I am employed in the County of Shasta, State of California. I am over the age of 18 and not a party to the within action. My business address is: 5095 Debbie Lane, Redding, California 96002.

On <u>December 3, 2013</u>, I served the foregoing document described as:

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING DEFENDANTS' MOTION TO DISMISS

on the interested party(ies) in this action.

☑ BY MAIL: I am readily familiar with this office's practice of collection and processing correspondence for mailing.. Under that practice, an envelope would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary and regular course of business. I am aware that on motion of the party served, service is presumed invalid iif the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing  ☐ the original  ☐ a true copy thereof enclosed in a sealed envelope addressed as follows;

☐ PLEASE SEE MAILING LIST ATTACHED HERETO AND INCORPORATED HEREIN BY THIS REFERENCE.

John B. Sullivan
Mary Kate Sullivan
SEVERSON & WERSON, APC
One Embarcadero Center, Suite 2600
San Francisco, California 94111

(415) 398-3344   Fax: (415) 956-0439

David M. Liu
SEVERSON & WERSON, APC
19100 Von Karman Avenue, Suite 700
Irvine, California 92612

(949) 442-7110   Fax: (949) 442-7118
dml@severson.com

☐ BY FAX: By transmitting a true and correct copy on the above-referenced date to the name(s) and facsimile number(s) as to which a true copy(ies) of the transmission report(s) is (are) attached to this proof of service and incorporated herein by reference. A written agreement for facsimile transmission exists between all parties as to which facsimile service is made. All transmissions were reported as complete and without error by a transmission report properly issued by the sending facsimile machine. Cal. R. Ct. 2.306.

☐ BY OVERNIGHT DELIVERY. By causing a true and correct copy(ies) to be placed for overnight delivery with an overnight courier. A notation of the date and place of deposit or certificate of deposit is attached to this proof of service.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

_James Bailey 12-4-13_                    _James Bailey_
(Print name and date)                     (Signature)