IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BAILEY,                                No. 2:13-cv-2166-JAM-CMK

            Plaintiff,

   vs.                              <u>FINDINGS AND RECOMMENDATION</u>

NATIONSTAR MORTGAGE, LLC, et al.,

            Defendants.

                           /

           Plaintiff, proceeding pro se, brings this civil action related to the foreclosure of his property.  This action was removed to this court from the Shasta County Superior Court on October 17, 2013.   Pending before the court is defendants' motion to dismiss (Doc. 6).  The hearing on the motion was taken off calendar pursuant to Local Rule 230(g) as no timely opposition was filed . Plaintiff filed a late opposition, which has been considered.

       **I.    Background**

           This foreclosure action was removed from state court to this court by the defendants.  The complaint alleges claims of wrongful foreclosure, intentional infliction of emotional distress, slander of title, quiet title, fraud and rescission; plaintiff is seeking injunctive and declaratory relief.

Plaintiff alleges in his complaint, with attached exhibits[1] showing, he executed a deed of trust with Home Savings of America, on or about August 31, 2006, which was recorded on September 26, 2006, in Shasta County.  On June 28, 2012, a corporate assignment of deed of trust and a substitution of trustee were each recorded in Shasta County.  On June 28, 2012, a notice of default and a substitution of trustee were each recorded.  Then on March 14, 2013, an assignment of deed of trust and a notice of trustee's sale[2] were each recorded, also in the Shasta County Recorder's Office.

## II.    Motion to Dismiss

### A.    Motion

Defendants filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).  The defendants argue plaintiffs claims fail as a matter of law and are not sufficiently plead.  Plaintiff concedes some of his claims are defective, but challenges the motion to dismiss others.

### B.    Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

---

[1]    The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

[2]    The notice of trustee's sale was provided to the court in defendants' request for judicial notice.

1  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

2  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

3  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be

4  entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must

5  meet some minimum threshold in providing a defendant with notice of what it is that it allegedly

6  did wrong."  Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

7              Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

8  the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

9  and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

10  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

11  failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

12  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

13  raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain

14  "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has

15  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

16  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at

17  1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

18  than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp., 550

19  U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's

20  liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."

21  Id. (quoting Bell Atl. Corp., 550 U.S. at 557).

22              To determine whether a complaint states a claim upon which relief can be granted,

23  the court generally may not consider materials outside the complaint and pleadings.  See Cooper

24  v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.

25  1994).  The court may, however, consider: (1) documents whose contents are alleged in or

26  attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;

3

(2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

C.   Discussion

1.   Wrongful Foreclosure

Plaintiff alleges in his complaint that the defendants failed to provide proper notice during the foreclosure process, the assignments were fraudulent and not perfected, that the foreclosure documents were fabricated,  and that he had tendered money to bring his payments current but had been refused.

Defendants argue that plaintiff's claim fails because the sale of the property is presumed proper, he failed to tender the entire amount of the debt,  and his arguments as to the fabricated documents lack any support.  Specifically, defendants argue that once a foreclosure sale has been completed, the sale is presumed proper so long as the notice requirements are recited in the trustee's deed, which they were in relation to plaintiff's property.  Plaintiff's allegations otherwise are insufficient to overcome that presumption.  In addition, defendants contend that plaintiff failed to tender the full amount of the debt in order to attack the foreclosure sale, possession of the original note is unnecessary, and the assignments and substitution of trustee were proper.

Plaintiff contends he is not required to tender the full amount owed under the loan in order to challenge the validity of the debt.

/ / /

/ / /

1    While somewhat unclear, it appears that plaintiff is basing this claim on violations
2 of California Civil Code § 2923.5.  Pursuant to California Civil Code § 2923.5, a mortgagee,
3 beneficiary, or authorized agent must commence certain actions at least 30 days before filing a
4 notice of foreclosure against the borrower.  Cal. Civ. Code § 2923.5(a)(1). These actions include:
5 (1) contacting the borrower to assess the financial situation; (2) advising the borrower that he or
6 she has the right to a subsequent meeting; (3) and providing a toll-free number made available by
7 the Department of Housing and Urban Development (HUD) to find a HUD-certified housing
8 counseling agency. § 2923.5(a)(2).    In order to show compliance, the lender is required to attach
9 to the notice of default a declaration stating that lender either contacted the borrower or
10 attempted to contact the borrower with due diligence. § 2923.5(b).  There is no specific remedy
11 outlined in the statute for violations, but it has been established that the only remedy would be a
12 postponement of the foreclosure sale. See e.g., Intengan v. BAC Home Loans Servicing, LP, 154
13 Cal.Rptr.3d 727, 736 n.4 (Cal. App. 2013).

14    The notice of trustee sale states that the sale was originally scheduled to take place
15 on April 9, 2013.  The trustee's deed upon sale indicates the sale was postponed and held on
16 August 16, 2013.  Plaintiff filed this case in the Shasta County Court on September 12, 2013,
17 after the sale occurred and the trustee's deed had been recorded.  As the remedy for
18 noncompliance is solely a postponement of the sale, and the sale has already occurred, any claim
19 for violation of the statute's notice requirements fails to state a claim.

20    In addition, as defendants argue, after the foreclosure sale, there is a presumption
21 that the sale was proper where, as was here, the notice of default included the declaration
22 pursuant to California Civil Code § 2923.5(b) regarding the notice given to plaintiff.  "A properly
23 conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the
24 borrower and lender." Moeller v. Lien, 25 Cal.App.4th 822, 831, 30 Cal.Rptr.2d 777 (1994).
25 "As a general rule, a trustee's sale is complete upon acceptance of the final bid." Nguyen v.
26 Calhoun, 105 Cal.App.4th 428, 440–441, 129 Cal.Rptr.2d 436 (2003).  "If the trustee's deed

1   recites that all statutory notice requirements and procedures required by law for the conduct of

2   the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been

3   conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser."

4   Moeller, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777 (citations omitted).  "A nonjudicial

5   foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly

6   and fairly.' "  Melendrez v. D & I Investment, Inc., 127 Cal.App.4th 1238, 1258, 26 Cal.Rptr.3d

7   413 (2005) (quoting Brown v. Busch, 152 Cal.App.2d 200, 204, 313 P.2d 19 (1957)).  "This

8   presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity."

9   Melendrez, 127 Cal.App.4th at 1258, 26 Cal.Rptr.3d 413.

10         Plaintiff states that he was not given proper notice, that the security interest was

11  not perfected and the assignments were fraudulent. But he fails to support those statements with

12  any factual allegations.  Such conclusory allegations fail to overcome the presumption that the

13  foreclosure sale was properly notice.

14         To the extent plaintiff's allegation is a "produce the note" type of claim, such

15  claims have universally been rejected.  See e.g. Pagtalunan v. Reunion Mortgage Inc., 2009 WL

16  961995 (N.D. Cal. 2009); Puktari v. Reconstruct Trust Co., 2009 WL 32567 (S.D. Cal. 2009);

17  see also California Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432 (1935) (holding that

18  production of the original note is not required in a non-judicial foreclosure).  "Under California

19  law, there is no requirement for the production of an original promissory note prior to initiation

20  of a nonjudicial foreclosure. . . . Therefore, the absence of an original promissory note in a

21  nonjudicial foreclosure does not render a foreclosure invalid.  Pantoja v. Countrywide Home

22  Loans, Inc., 640 F.Supp.2d 1177, 1186 (N.D.Cal.2009).  "Under Civil Code section 2924, no

23  party needs to physically possess the promissory note."  Sicairos v. NDEX West, LLC, 2009 WL

24  385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)).  To the extent this is the basis

25  for plaintiff's claim that the substitutions, assignments and transfers were fraudulent and not

26  perfected, plaintiff fails to state a claim.

Finally, as defendants argue, plaintiff is required to tender the full amount owed on the debt in order to challenge an alleged wrongful foreclosure.  Here, plaintiff indicates he attempted to cure the default by bringing the note current.  However, nowhere in his complaint does he allege he has or is willing and able to tender the full amount owed on the noted.  Even if plaintiff offered to bring the note current, that is insufficient in challenging a foreclosure where the full amount of the note is required to be tendered.  Contrary to plaintiff's argument, a defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure."  Abdallah v. United Savings Bank, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), cert. denied, 519 U.S. 1081, 117 S.Ct. 746, 136 L.Ed.2d 684 (1997).  "A tender must be one of full performance . . . and must be unconditional to be valid."  Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984).  "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount."  Rauer's Law etc. Co. v. S. Proctor Co., 40 Cal.App. 524, 525, 181 P. 71 (1919).

While plaintiff's complaint is not precisely written, and his claims are somewhat unclear, what is clear is that he is challenging the foreclosure of his property not the validity of his underlying debt.  His contention to the contrary in his opposition to the motion are insufficient to save this claim.  In addition, as discussed herein, tender is not the only defect in plaintiff's complaint.

Accordingly, plaintiff's wrongful foreclosure claim is insufficient and defendants' motion to dismiss this claim should be granted.

> 2.  Intentional Infliction of Emotional Distress

Next plaintiff alleges defendants' actions in pursuing an alleged fraudulent foreclosure caused him emotional distress and the defendants acted with such intention.  Defendants argue plaintiff's claim fails as a matter of law as there are no allegations that the defendants' conduct was outrageous or extreme.

1        Under California law, the elements of intentional infliction of emotional distress

2  are:(1) extreme and outrageous conduct by the defendant; (2) defendant's intention of causing, or

3  reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe

4  or extreme emotional distress; and (4) actual and proximate causation of the emotional distress

5  by the defendant's outrageous conduct.  See Christensen v. Superior Court, 54 Cal.3d 868, 903, 2

6  Cal.Rptr.2d 79, 100 (1991).  "In the context of debt collection, courts have recognized that the

7  attempted collection of a debt by its very nature often causes the debtor to suffer emotional

8  distress." Ross v. Creel Printing & Publishing Co., 100 Cal.App.4th 736, 745, 122 Cal.Rptr.2d

9  787 (2002) (citing Bundren v. Superior Court, 145 Cal.App.3d 784, 789, 193 Cal.Rptr. 671

10  (1983)).

11        Here, plaintiff alleges the defendants misrepresented their power to sell the

12  property in a non-judicial foreclosure, and in so doing without the right to do so was outrageous

13  and extreme.  He further claims such conduct was undertaken with the intent of inducing

14  emotional distress on plaintiff.  However, plaintiff's conclusory allegations that the actions of the

15  defendants were fraudulent and done with the intent to cause plaintiff emotional distress are

16  insufficient to meet the pleading standard.  Plaintiff fails to allege any actions the defendants

17  took outside the standard foreclosure actions, which were not outrageous.  This claim therefore

18  should also be dismissed.

19                 3.   Slander of Title

20        As to this claim, plaintiff alleges that the defendants knew the documents

21  recorded were improper, and by publishing the documents, his title to the property has been

22  disparaged and slandered.  Other than stating the defendants unlawfully recorded the documents

23  and failed to perfect a security interest, plaintiff pleads no factual support for his allegations.  It

24  appears his claim relies on his allegation that the defendants failed to perfect the security interest,

25  which appears to be that the loan was included in a pooling and servicing agreement which he

26  was unaware of.  He fails to specify how the substitution of trustee and the assignment of the

8

1   deed of trust were falsified, how the security interest was not properly perfected, and why they

2   were improperly recorded.

3          Even if plaintiff has standing to raise such a claim, any failures in the

4   securitization process would not have relieved plaintiff of his obligation to make the payments

5   required under the deed of trust.  "[E]ven if the asserted improper securitization ... occurred, the

6   relevant parties to such a transaction were the holders (transferors) of the promissory note and the

7   third party acquirers (transferees) of the note. 'Because a promissory note is a negotiable

8   instrument, a borrower must anticipate [that] it can and might be transferred to another creditor.

9   As to plaintiff, an assignment merely substituted one creditor for another, without changing her

10  obligations under the note.'"  Jenkins v. JPMorgan Chase Bank, N.A., 216 Cal.App. 4th 497, 515

11  514-15, 156 Cal.Rptr.3d 912 (2013) (quoting Herrera v. Fed. Nat. Mortg. Ass'n, 205 Cal.App.4th

12  1495, 1507, 141 Cal.Rptr.3d 326 (2012)).

13         To the extent plaintiff argues the act of recording the documents during the

14  foreclosure process disparaged his title, the undersigned agrees with defendants' contention that

15  the act of recording the documents related to a non-judicial foreclosure is a privileged action.

16  See Albertson v. Raboff, 46 Cal. 2d 375, 378-81, 295 P.2d 405 (1956).  Again, plaintiff fails to

17  allege how the documents were false.  As such, there is no basis for plaintiff's claim, and the

18  motion to dismiss should be granted.

19                    4.   Quiet Title

20         Plaintiff then argues that the defendants cannot establish possession and proper

21  transfer of the promissory note, and that they have no legal right to foreclose on the property.

22  Defendants argue that a claim for quite title is essentially a claim for rescission, which  requires an

23  offer to tender and plaintiff fails to allege either willingness or ability to tender.

24         California law provides "An action may be brought . . . to establish title against

25  adverse claims to real or personal property or any interest therein."  Cal. Code Civ. Proc. §

26  760.020(a).  To state a claim for quiet title, a complaint must include: (a) a description of the

property that is the subject of the action; (b) plaintiff's title and the basis for that title; (c) the adverse claims to plaintiff's title; (d) the date as of which the determination is sought; and (e) a prayer for the determination of the title of the plaintiff against the adverse claims.  Cal. Code Civ. Proc. § 761.020.  A quiet title claim also requires the plaintiff to allege that he or she is the rightful owner of the property in that he or she has satisfied all obligations under the deed of trust. See Kelley v. Mortgage Electronic Registration Systems, Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).   This requires a plaintiff to allege that he or she has paid, or tendered payment of, the full amount due under the mortgage.  See Shimpones v. Stickney, 219 Cal. 637, 649 28 P.2d 673 (1934); see also, United States Cold Storage v. Great Western Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1222 (1985) (explaining "the law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale.").

Here, plaintiff fails to allege either his willingness or ability to tender the amount due pursuant to the loan agreement.  In addition, the basis for this claim is essentially his continued argument that the defendants cannot produce the note, which as discussed above, has universally been rejected.  Thus, the claim for quiet title must fail, and the motion to dismiss should be granted.

5.   Fraud in the Concealment

Plaintiff claims fraud based the concealment of material information from plaintiff, essentially that the loan was included in a pool with other notes and financial incentives were paid by the defendants to each other.  He states that had he known, he would not have entered into the loan agreement.

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar v. Superior Court, 49 Cal. Rptr. 2d 377, 380-81 (Cal. 1996).  In addition, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with

particularity."  This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing Gottreich v. San Francisco Inv. Corp., 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . . In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

In Re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in* Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996); see Cooper v. Pickett, 137 F.3d 616, 627 (9th

1   Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of
2   the misconduct charged).

3             Here, defendants argue plaintiffs' complaint is insufficient to state a claim for
4   fraud.  Plaintiff's fraud claim is based on allegations that misrepresentations were made relating to
5   the loan.  However, his allegations related to the fraud claims are too vague to satisfy the pleading
6   requirements of Rule 9.  Plaintiff's allegations as to what the defendants concealed is unclear.  He
7   does not specify which defendant engaged in what action to conceal any particular fact from
8   plaintiff.  He states that had he known about the concealed facts, he would not have entered into
9   the loan.  However, it appears that what he contends was concealed was that the defendants were
10  not the holder of the note in order to proceed with the foreclosure.  This argument is confusing
11  and vague, and is not plead with sufficient particularity to survive a motion to dismiss.  Plaintiff
12  fails to explain specifically what the alleged misrepresentations were, how they were misleading,
13  when these misrepresentations were made, and by which defendant. Therefore, the motion to
14  dismiss the fraud claims should be granted.

15                      6.    Rescission

16            Finally, plaintiff argues a right to rescission based on the above claims as well as
17  violations to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.*, in that the defendants
18  failed to properly disclose the terms of his loan.  Defendants contend plaintiff's claim fails due to
19  plaintiff's failure to tender and that the statute of limitations has expired.

20            As discussed above, plaintiff's claim to quiet title is essentially a claim to
21  rescission, which requires a plaintiff to allege the ability to tender the loan proceeds or ability to
22  pay back what she has received.  See e.g., Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1170 (9th
23  Cir. 2003), Garza v. Am. Home Mortgage, 2009 WL 188604 at *5 (E.D. CA  2009).  As to
24  plaintiff's claim for rescission based on violations of TILA, "an obligor's right of rescission shall
25  expire three years after the date of consummation of the transaction or upon the sale of the
26  property, whichever occurs first . . . ." 15 U.S.C. § 1635(f).  Therefore, plaintiff's claims for

1    rescission would appear to be time barred as more than three years passed between the time

2    plaintiff entered into the loan agreement (2006) and the filing of the complaint herein (2013).

3    Thus, the motion to dismiss plaintiff's claim for rescission should be granted.

4              **III.  Conclusion**

5              Plaintiff's claims fail as a matter of law or for failure to plead sufficient facts in

6    support thereof.  Overall, plaintiff's challenge of the foreclosure fails as he never alleges the

7    willingness or ability to tender, nor does he ever dispute that his loan was in default.  Rather, he

8    indicates an acknowledgment of the default by stating his attempts to cure the default by bringing

9    payments current.  He relies on the premise that the defendants had no authority to foreclose based

10   on the substitution off trustees and transfer of beneficiary or assignment or deed of trust, a premise

11   he cannot support.  Plaintiff fails to articulate any additional factual allegations in his opposition

12   which he could use in an amended complaint to cure the defects herein.  Thus, it is clear that

13   plaintiff is unable to cure his claims by allegation of other facts and thus should not be granted an

14   attempt to amend.

15             Moreover, the undersigned surmises that plaintiff has brought this action in

16   absence of good faith and that plaintiff exploits the court system solely for delay or to vex

17   defendants.  The test for maliciousness is a subjective one and requires the court to "determine the

18   ... good faith of the applicant." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46, 35 S.Ct.

19   236, 59 L.Ed. 457 (1915); see Wright v. Newsome, 795 F.2d 964, 968, n. 1 (11th Cir.1986); cf.

20   Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir.1986) (court has inherent power to dismiss case

21   demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also

22   can be inferred from a complaint containing untrue material allegations of fact or false statements

23   made with intent to deceive the court. See Horsey v. Asher, 741 F.2d 209, 212 (8th Cir.1984).  An

24   attempt to vex or delay provides further grounds to dismiss this action without leave to amend.

25   Plaintiff's request for leave to amend should be denied.

26   / / /

Based on the foregoing, the undersigned recommends that:

  1.  Defendant' motion to dismiss (Doc. 6) be granted without leave to amend; and

  2.  The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 28, 2014

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

14